HULL, Circuit Judge,
concurring in part and dissenting in part:
I concur in full in Sections I and 11(A)-(D), (E)(2) and (E)(3) of the majority’s opinion. However, as to Section 11(E)(1), I conclude that the district court’s application of the two-level role enhancement must be affirmed and thus respectfully dissent as to the reversal in Section 11(E)(1).
As the majority opinion notes, Williams on appeal argues that the district court improperly found that her husband was a “participant” for purposes of applying the role enhancement in U.S.S.G. § 3B1.1(c).
Section 3B1.1(c) authorizes a two-level increase in a defendant’s offense level if the defendant was the “organizer, leader, manager, or supervisor in any criminal activity other than described in (a) or (b)....”[1] U.S.S.G. § 3B1.1(c). To qualify for a § 3B1.1(c) role enhancement, “the defendant must have been the organizer, leader, manager, or supervisor of one or more other participants.” U.S.S.G. *1253 § 3B1.1 cmt. n.2. As the majority opinion notes, a “participant” is someone who “is criminally responsible for the commission of the offense, but need not have been convicted.” U.S.S.G. § 3B1.1 cmt. n.1 (emphasis added).
According to Williams on appeal, her husband could not be considered a participant because he was acquitted by the jury. I fully agree with the majority opinion that the district court may properly consider an acquitted co-defendant, such as Williams’s husband, to be a participant for § 3B1.1 purposes.[2]
Williams’s argument on appeal that the district court improperly counted her husband as a participant is limited to her husband’s status as a co-defendant acquitted by the jury. Williams’s brief does not argue that the trial evidence was insufficient to support a finding by a preponderance of the evidence that her husband was knowingly involved in the criminal activity for purposes of the § 3Bl.l(c) sentencing enhancement. Thus, I would not reach this issue and would affirm the district court’s application of the § 3B1.1(c) two-level enhancement.[3]

. Subsection (a) of § 3B1.1 provides for a four-level offense level increase if the defen *1253 dant was the "organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive U.S.S.G. § 3B1.1(a). Subsection (b) provides for a three-level offense level increase if the defendant was the "manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive ....” U.S.S.G. § 3B 1.1(b). Thus, the criminal activity implicated by a subsection (c) two-level increase involves less than five participants and is not "otherwise extensive."

. Williams did not advance the acquitted-husband argument in the district court. Instead, Williams's objection to the § 3B1.1(c) role enhancement at sentencing was that she had relied in good faith on her bookkeepers and accountant to advise her as to the availability and use of the federal funds and that she was essentially innocent. Because Williams did not object to the role enhancement on the husband-related grounds urged on appeal, our review should be for plain error. See United States v. Massey, 443 F.3d 814, 819 (11th Cir.2006) (explaining that a defendant "fails to preserve a legal issue for appeal if the factual predicates of an objection are included in the sentencing record, but were presented to the district court under a different legal theory”); United States v. Gallo-Chamorro, 48 F.3d 502, 507 (11th Cir.1995) ("To preserve an issue for appeal, a general objection or an objection on other grounds will not suffice."); United States v. Zinn, 321 F.3d 1084, 1088 (11th Cir.2003) (concluding that, if a defendant fails to "clearly articulate a specific objection during sentencing,” the objection is waived and the issue is reviewed only for plain error). In any event, the acquitted-husband argument advanced by Williams on appeal must be rejected under either standard of review — whether de novo or plain error.

. Williams challenges the application of the role enhancement as impermissible double-counting. This argument is not addressed by the majority opinion, and, in any event, it is meritless and does not warrant discussion.